**STATE of Missouri, Respondent,**

**v.**

**Woodrow BASS, Appellant.**

**No. 56955.**

Supreme Court of Missouri, Division No. 1.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Bell, Fullwood, Wilson & Harris, by Harold F. Fullwood, St. Louis, for appellant.

SEILER, Judge.

Defendant appeals from a conviction by a jury of first degree robbery with a sentence of six years fixed by the court, the second offender act having been invoked. We have jurisdiction because the appeal was pending here on January 1, 1972. Defendant's contention is that the state failed to make a submissible case; that he and his companion were innocently in the vicinity of the alleged robbery when arrested; that none of the things or money taken from the victim were found on defendant or companion; that there was no indication of flight and the circumstantial evidence was not inconsistent with defendant's innocence.

The case against defendant rests on the testimony of the victim, Sam Clements. On July 30, 1970, about 10:30 p.m., Clements cashed a small check and purchased six cans of beer, two small packages of potato chips, and a package of cigarettes at a liquor store on Easton Avenue, east of Grand, in St. Louis. He noticed two men on the sidewalk watching as he was getting his change. Clements left with his purchases and walked west on Easton. The men followed him, passed him, and then pulled him into an alley, where by force they took his wallet and the money ($12.-50) from his pocket. Clements said the short, stocky one of the two was holding him, while defendant, who was taller and thinner, went through his pockets and wallet. Clements dropped the beer and said the men took it, the potato chips and the cigarettes, but discarded the wallet and its papers in the alley. They then released him and told him not to look back. Clements went to a nearby fire station on Easton and there the police were called. They arrived in about ten minutes. As Clements was relating what happened, he noticed the two men coming out of the alley, walking east. The police stopped the men and Clements identified them as the ones who had robbed him. The police searched the two, but found nothing of what had been taken from Clements. Clements put the time interval about 19 minutes from the robbery to the arrest and search. The wallet and Clement's papers were found in the alley, but no beer, potato chips, cigarettes, or money. Clements repeated his identification of defendant at the trial.

Defendant testified and denied any complicity, saying he and his friend had just left another friend's house and were walking along the street when arrested.

The identification by Clements of defendant as one of his assailants and a participant in the commission of the robbery is evidence which cannot be ignored in deciding whether the state made a submissible case, as defendant does in his argument. The issue of whether defendant was one of the men was an issue of fact for the jury and we cannot agree that the evidence was not sufficient to make a submissible case.

Judgment affirmed.

HOLMAN, P. J., and NORMILE, Special Judge, concur.

BARDGETT, J., not sitting.