STATE of Missouri, Plaintiff-Respondent,

v.

James Edward BOONE, Defendant-Appellant.

No. 35901.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 28, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City,

**28**

Brendan Ryan, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

Charles D. Kitchin, Public Defender, John F. Bauer, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

WEIER, Judge.

Defendant was convicted of forcible rape by a jury and sentenced under the Habitual Criminal Act (§ 556.280, RSMo 1969, V.A.M.S.) to 10 years imprisonment. He was acquitted of Robbery First Degree as charged in Count II of the indictment.

The state's evidence tended to show that at about 6:00 p. m. on December 2, 1972, the prosecutrix was standing at the corner of Martin Luther King Drive and Taylor Avenue in St. Louis waiting for a taxi. An automobile occupied by three men—the defendant and two other men named in the indictment—approached the prosecutrix and she was asked if she wanted a ride. When she refused the offer one of the men (not the defendant) got out of the car, struck her in the head, and forced her into the rear seat. During the course of the ensuing ride the prosecutrix made one unsuccessful attempt to escape, and was again struck by one of defendant's associates. They proceeded to a house at 6034 Horton Place, and upon arriving prosecutrix's purse was taken from her by one of the men, and she again was struck in the head. The contents of the purse, including about $8.00 and a credit card, were never recovered. She could not remember which of the men had taken the purse and struck her this third time. She was then led to a second floor bedroom where each of the men, in succession, had sexual intercourse with her. Defendant was the second of the three. After they had finished she attempted to escape by breaking a window with her shoe. The noise, however, apparently alerted one of defendant's associates who came back into the bedroom. Prosecutrix was again struck in the face, this time causing her dentures to be broken. She finally managed to leave at about 5:00 a. m. the following morning. She immediately went to a nearby apartment building and requested that the police be called. When they arrived she supplied them with "a brief summary of what had happened" and then directed them to the house on Horton Place. The three men were discovered there asleep. The first officer to meet the prosecutrix testified that he found her to be "sort of upset, sort of hysterical" and to be bleeding from the mouth.

Prosecutrix testified that when the first of the men had intercourse with her there was no struggle or fight. There is no indication that such was not the case with the others also. She was asked on direct examination: "can you recall from the time they forced you in the car until you finally got out of that house, how many times you asked them or begged them to let you go?" she responded: "All the while I was there." On cross-examination she was asked if there was any congeniality with the three men that evening, or whether it was all force and violence. She indicated that it was all force and violence. She also stated that she was crying at sometime during the course of the evening.

Defendant, on this appeal, first challenges the sufficiency of the evidence to sustain the conviction. He argues that there was insufficient evidence from which to find a lack of consent by the prosecutrix, and further that any violence which may have occurred was not of his own doing. In deciding this issue we, of course, view the testimony offered in the light most favorable to the state. State v. Garrett, 494 S.W.2d 336, 337 [1] (Mo. 1973). Furthermore, the issue of the woman's consent is to be resolved by the jury. Its finding will be interfered with by the appellate court only when it is unreasonable under the evidence presented, State v. Davis, 497 S.W.2d 204, 207 [5] (Mo.App. 1973), or unworthy of belief under any reasonable view. State v. Garrett, *supra*, 494 S.W.2d at 339 [7].

■ As both sides agree, the lack of consent may be established either by a showing of actual force, or alternatively that the victim submitted through a fear induced by violence or threats of violence. State v. Adams, 380 S.W.2d 362, 367 [2] (Mo.1964); State v. Beck, 368 S.W.2d 490, 493 [2] (Mo.1963). As hypothesized by Instruction No. 2, the verdict director for the charge of rape, the state was proceeding under the second of the two alternatives.

■ It is apparent from the facts that the jury could reasonably have found the prosecutrix to have submitted to intercourse from fear of violence to herself. She had been struck on at least three occasions prior thereto, one attempted escape had been thwarted, and her repeated pleas to be released had been denied. While the physical abuse may not have been concurrent with the rape itself, the prosecutrix had already experienced what she could expect if she resisted her attackers. *See* State v. Schuster, 282 S.W.2d 553, 556 [1] (Mo.1955).

■ Defendant correctly points out that there is no definite indication from the evidence that he himself ever struck the prosecutrix or in any other way threatened her. However, it is not required of the state to prove that the defendant did all of the things which together make up the elements of the crime. It is sufficient if they were done by those persons acting in concert with him. State v. Reed, 453 S.W.2d 946, 948 [1–4] (Mo.1970); State v. Lee, 492 S.W.2d 28, 30 [3] (Mo.App.1973). while it is said that mere presence without some affirmative participation cannot prove complicity, State v. Castaldi, 386 S.W.2d 392, 395 [1–3] (Mo.1965), in the instant case defendant did actively participate by the very act of having intercourse with the victim. He can hardly claim to have been a mere bystander in this chain of events. There was ample evidence from which to find that the prosecutrix did submit through fear of violence exerted by those acting in concert with defendant.

Defendant's second complaint is with Instruction No. 2 which hypothesized the act of sexual intercourse with the victim against her will and by threats of violence. Defendant contends that submission of this instruction was error because there was no showing that he knowingly acted in concert with others to commit forcible rape, and because it exposed him to the possibility of being found guilty by association. What we have said in reference to his first point adequately disposes of the question of the sufficiency of the evidence to support the submission of this instruction. Any possibility of being found guilty by mere association was alleviated by Instruction No. 4 which instructed the jury that mere presence of the defendant was not sufficient to convict unless they also believed that he intentionally aided and abetted the other persons.

Judgment is affirmed.

DOWD, C. J., and CLEMENS and RENDLEN, JJ., concur.