**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ralph BURNETT, Defendant-Appellant.**

No. 36036.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 25, 1975.

Charles D. Kitchin, Public Defender, Thomas J. Prebil, Joseph F. Beatty, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Neil McFarlane, K. Preston Dean, II, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Gary W. Brandt, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

This appeal from a conviction of first degree robbery, § 560.120 RSMo 1969, V.A.M.S., in the Circuit Court of the City of St. Louis presents a single Point for review, i. e., whether the trial court erred in not sustaining the defendant's motion for judgment of acquittal at the close of all of the evidence. We affirm.

In determining the sufficiency of the evidence in a criminal case after a verdict of guilty, the Court accepts as true all evidence in the record tending to prove the defendant's guilt, whether such evidence is circumstantial or direct in nature, together with all favorable inferences that can reasonably be drawn therefrom and disregards all contrary evidence and inferences.

State v. Reed, 453 S.W.2d 946, 949 [5] (Mo.1970). Viewed in this light the jury could have found, and from its verdict did find, beyond a reasonable doubt that on June 15, 1973 at about 1:30 p. m., near the intersection of 14th Street and Chouteau Avenue in the City of St. Louis, Miss Theresa Hoffmeister, who had been shopping in the downtown area of the City, alighted from a bus at the aforesaid intersection to go to her home which was across the street from the bus stop at which she disembarked. After she got off of the bus and onto the sidewalk 15–20 feet south of Chouteau on Fourteenth Street, one of three "teenagers" who had been sitting on a hillside close to the sidewalk near where she alighted, ran up to her, hit her and knocked her down, stomped on her and kicked her in the hip. The other two also joined in, one of them grabbing Miss Hoffmeister's purse and another stuck his hand in her bust. The attack knocked Miss Hoffmeister unconscious and she was unable to identify her attackers, but the defendant was identified by Anne Deeds, a licensed watchman, and eyewitness to the occurrence, as the teenager who knocked Miss Hoffmeister down. After taking the purse from Miss Hoffmeister the three ran west through an alley, around behind a church there and then two of the three ran into a ball park where the defendant removed a yellow shirt he had on and put on in its stead a black shirt, and, with the other boy, counted some money. After removing the yellow shirt the defendant put it into a brown paper bag. After that the two boys crossed Fourteenth Street and entered a house, the third house south of Chouteau. In the interim Ms. Deeds, who observed the foregoing, had put in a call for the police and when the police arrived they went to the house she had seen the boys enter and took them into custody at about 2:00 p. m. as they were exiting between the buildings in the Peabody Housing Complex in the 1400 block of Chouteau. At the time of his arrest the defendant was wearing a black T-shirt, and when they were brought into the presence of Ms. Deeds on the scene she testified that she recognized them as two of the three boys who participated in the incident.

After hearing this evidence the jury returned a verdict finding the defendant guilty of robbery in the first degree and fixed his punishment at five years in the Missouri Department of Corrections. After defendant's motion for new trial was denied, sentence was imposed in accord with the jury verdict and judgment entered.

Appellant's argument in support of his position in this court is that the testimony of Ms. Deeds was so contradictory and riddled with inconsistencies that her testimony was opposed to all reasonable probability. Inasmuch as Ms. Deeds was the only eyewitness offered by the State who identified the defendant as a party to the crime, he further contends that the state's evidence was therefore incredible, self-destructive and opposed to known physical facts so that the judgment cannot stand.

In support of this argument he cites four instances in which he contends that Ms. Deed's tetsimony was self-contradictory, contrary to known facts, and/or in disagreement with the testimony of other witnesses. It would serve no purpose to lengthen this opinion by setting forth in detail what this testimony was, because we have, after careful reading of the transcript, concluded that whatever inconsistencies or contradictions appellant has read into Ms. Deed's testimony constituted conflicts with evidence offered by defendant in support of his defense that he did not commit the robbery and were properly questions for the jury to resolve, not this court. Where evidence is substantial, the effect of conflicts or inconsistencies, or mere improbabilities are questions for the jury in the first instance and it is the province of the trial court to determine whether the verdict is against the greater weight of the evidence, and its finding in that respect will not be set aside by an appellate court unless an abuse of its discre-

**150**

tion clearly appears. State v. Spraggins, 368 S.W.2d 407, 410 [4, 5] (Mo.1963). We conclude the trial court not only did not abuse its discretion in this case, but rather, ruled correctly in denying the defendant's motion for judgment of acquittal at the close of all the evidence.

We have considered the sufficiency of the information, verdict, judgment and sentence as we are required to do by Rule 28.-02, V.A.M.R., and find them to be in proper form. We affirm.

SMITH, C. J., and STEWART, J., concur.