of equities on the part of the State, call for an affirmance.

Affirmed.

All concur.

**STATE of Missouri, Respondent,**

v.

**Rex D. NELSON, Appellant.**

**No. KCD 28041.**

Missouri Court of Appeals, Kansas City District.

Oct. 12, 1976.

Lee M. Nation, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Rex Nelson was found guilty by a jury of assault with intent to maim with malice, Section 559.180, RSMo 1969. The court found Nelson was subject to the Second Offender Act and following his conviction the court assessed punishment of forty years imprisonment.

Nelson raises the singular point on this appeal that his conviction resulted from evidence insufficient to show his guilt. Affirmed.

The assault of which Nelson was convicted occurred in a church parking lot in Kansas City. Clay Richardson and his friend, Curtis Murphy, were walking across the parking lot after midnight. Both Richardson and Murphy testified the lot was well lighted. While walking across the lot, a car traveling at a high rate of speed came down the adjoining street, jumped the median in the street, and then jumped the curb between the street and the parking lot and proceeded into the lot. Two men emerged from the car and began emitting shrill screams and yells. Murphy grabbed Richardson's arm and told him they had better get out of there. Both men started running, but the two men who had emerged from the car soon caught Richardson. One of the men grabbed Richardson by the arm and half turned him around and struck him with the jagged edge of a broken bottle in

the ear. Richardson was then thrown to the ground and both men beat and kicked him.

In the meantime, Murphy had stopped running and was starting to return to Richardson, who was on the ground, when Nelson stopped kicking Richardson and went after Murphy. Nelson caught Murphy and started beating him. Murphy began crying for help in a loud voice and was heard by Officer Reed of the Kansas City Police Department, who was cruising nearby in his paddy wagon. When Reed arrived at the scene, Nelson and his companion stopped their beating and began walking across the parking lot. Murphy ran to the paddy wagon and pointed out Nelson and his companion and informed Reed he and Richardson had been beaten by the two men walking away. Reed called for the two to halt, and on their failure to do so, Reed captured them after a short chase. Reed placed both men under arrest.

Murphy testified Nelson and his companion were never out of sight from the time the assault first began until he saw Reed place both men under arrest and handcuff them.

Richardson identified one of the men arrested by Reed as one of his assailants, and Murphy positively identified Nelson as one of the two men who had beaten and kicked Richardson and who had also assaulted him.

Richardson suffered severe injuries, including a fractured collarbone, a fractured shoulder and fractured hip. He was hospitalized for thirty-three days and testified he was still in bad shape at the time of trial some seven months after the assault.

During the trial, Nelson's counsel admitted the severity of the beating suffered by Richardson but placed his defense on the testimony of Nelson who denied participating in the assault or beating of Richardson and the testimony of two other witnesses who stated Nelson was not involved in the assault.

On this appeal, Nelson states the only evidence against him was the fact he was arrested in the vicinity of the assault and relies on cases stating the well known rule that presence at the scene of the crime, suspicious circumstances and an opportunity to commit the crime are not sufficient evidence on which to base a conviction.

Nelson obviously overlooks the positive and direct testimony of Murphy who identified Nelson as one of the two men who administered the severe beating to Richardson which resulted in his serious injuries. Murphy testified the parking lot was well lighted and he had ample opportunity to see, observe and identify Nelson. This, coupled with his testimony that Nelson was never out of his sight, and the testimony of Officer Reed that Nelson was arrested by him after being pointed out by Murphy, constitutes substantial evidence upon which the jury could base a finding of guilt.

In determining the sufficiency of the evidence after a finding of guilt by a jury, this court "accepts as true all evidence in the record tending to prove the defendant's guilt, whether such evidence is circumstantial or direct in nature, together with all favorable inferences that can reasonably be drawn therefrom and disregards all contrary evidence and inferences." *State v. Burnett*, 520 S.W.2d 148 (Mo.App. 1975).

In view of the direct testimony of Murphy identifying Nelson, there was substantial evidence before the jury upon which a finding of guilt could be based.

The judgment is affirmed.

All concur.