STATE of Missouri,
Plaintiff-Respondent,

v.

Billy R. BERRY, Defendant-Appellant.

No. 10977.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 11, 1980.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Gail L. Fredrick, Forsyth, for defendant-appellant.

PREWITT, Judge.

Defendant was charged with the rape of a 23 year old woman. He waived jury trial. After a trial before the circuit judge, defendant was convicted and sentenced to twelve years in prison. § 559.260, RSMo 1969.

On the evening of August 30, 1977, the prosecutrix was with her boyfriend in downtown Branson, Missouri, when they were approached by defendant and his two brothers. She and her boyfriend had just moved to the area, but knew them slightly. They were talking when two men in a car stopped and asked the five of them if they would like to ride around. They drove around for about two and one-half hours. All but the prosecutrix were drinking. Then one of defendant's brothers told the driver to stop in front of a house in Branson. Apparently no one was in the house at that time. The three brothers, the prosecutrix, and her boyfriend got out of the car. She can walk only with the aid of crutches. One of the defendant's brothers carried her inside the house and sat her on the davenport and sat down beside her. Defendant, his other brother and the boyfriend also

entered the house. The brother who carried the prosecutrix started making sexual advances toward her. When she resisted, he carried her into the kitchen. While this was occurring, defendant struck her boyfriend and threatened him. She was struck in the kitchen and threats made there to hurt her boyfriend. Defendant prevented her boyfriend from leaving the house, apparently to get help, while his two brothers had sexual intercourse with her. Then he had intercourse with her.

Defendant raises two points on appeal: 1. that the evidence was insufficient to establish that he had intercourse with prosecutrix against her will or without her consent, and 2. that the testimony of the prosecutrix on the use of force was contradictory and uncorroborated, and therefore insufficient to sustain a conviction. Defendant contends that as there was no evidence that the defendant hit the prosecutrix, threatened her, or used force against her, her testimony that the intercourse was against her will is contradictory and uncorroborated. As the argument under both points is essentially the same, we consider them together. In determining if the evidence is sufficient to support the charge, the evidence and all favorable inferences must be considered in the light most favorable to the state and all evidence and inferences to the contrary disregarded. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979); *State v. Sherrill*, 496 S.W.2d 321, 323 (Mo. App.1973).

When defendant had intercourse with prosecutrix she did not resist further and he did not then threaten her or hit her. She had earlier been hit by his brother and defendant had hit her boyfriend. The brothers had threatened to hurt him. She testified that they did the acts without her consent, due to physical abuse and fear for herself and her boyfriend. Intercourse not resisted because of fear is not with consent. *State v. Davis*, 557 S.W.2d 41, 43 (Mo.App. 1977). Lack of consent may be established by a showing of actual force or that the victim submitted through fear induced by violence or threats of violence. *State v.*

*Boone*, 519 S.W.2d 27, 29 (Mo.App.1975). While there was not additional physical abuse just before defendant's intercourse with her, she had experienced what she might expect if she resisted when she was earlier struck and threatened. The state is not required to prove that the defendant struck her or threatened her. It is sufficient if these things were done by persons acting in concert with defendant. *State v. Boone*, supra, 519 S.W.2d at 29. Threats by his brothers, which the evidence shows defendant knew of, can be considered along with his acts as one chain of events. *State v. Adams*, 380 S.W.2d 362, 367 (Mo.1964); *State v. Gray*, 497 S.W.2d 545, 548 (Mo.App. 1973). One may be guilty of rape if his victim submits through fear of physical violence, even if that fear is caused by one other than defendant, if the defendant at the time has knowledge that the victim is submitting through such fear. *State v. Gray*, supra, 497 S.W.2d at 549. In *State v. Davis*, supra, 557 S.W.2d at 43, the court made a statement which we feel is applicable here:

"It is further obvious that a woman confronted with threatened or actual sexual abuse by a group of men is less likely to resist each member of the group. A victim in fear of physical violence or emotionally overcome by the prospect of repeated unwanted invasions of her body may well not resist, may consent, or even invite, further invasions simply to terminate the ordeal. In such circumstances a jury may well find a lack of legal consent and consequently rape."

The prosecutrix was struck, her boyfriend was struck, both were threatened and she was in fear. Defendant aided his brothers in their attacks and threats to her and to her boyfriend. There was sufficient evidence for the judge as the trier of fact to find defendant guilty beyond a reasonable doubt.

The judgment is affirmed.

TITUS, P. J., and FLANIGAN and GREENE, JJ., concur.