STATE of Missouri,
Plaintiff-Respondent,

v.

John W. BOYET, Defendant-Appellant.

No. 42827.

Missouri Court of Appeals, Eastern District,
Division Three.

Aug. 11, 1981.

Kenneth A. Seufert, Public Defender, William J. Wegge, Jr., Sp. Asst. to Public Defender, Farmington, for defendant-appellant.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant John Boyet guilty of the Class A felony of rape by threatening the victim with a deadly weapon. Section 566.030 RSMo. 1968. Verdict and judgment fixed punishment at the minimum 10 year imprisonment. Section 558.-011, subd. 1(1). Defendant has appealed.

The victim testified: Defendant was a friend of her husband and the two men came by her rural home. The husband said he had to go to work, and the two men left. Soon, defendant walked into the home without knocking. Defendant embraced her but she repulsed him; he then came up behind her, held a knife at her throat and the two went into the bedroom. There, defendant laid a hatchet beside the bed. The two then undressed and had sexual intercourse, defendant reaching a climax. He left. The victim promptly and hysterically reported the rape to nearby relatives and to the sheriff's office; she was unable to reach her husband until he returned from work. Meanwhile, the victim's mother took her to a hospital for a physical examination; it showed male sperm in her vaginal cavity.

Defendant testified the victim had sex with him voluntarily and denied displaying a knife or hatchet.

Defendant now claims the trial court erred in not directing a verdict for him.

This, he contends, because the victim's testimony was inherently incredible. He stresses her testimony she did not resist him immediately before or during the intercourse. True, but this was after his threats to use the knife and hatchet.

We have considered defendant's two cited cases, *State v. Phillips*, 585 S.W.2d 517 (Mo. App.1979) and *State v. Newberry*, 605 S.W.2d 117 (Mo.1980). The evidence and issues in those cases are different from our case; they shed no light here on the challenged sufficiency of the state's case.

In contrast the state cites *State v. Boone*, 519 S.W.2d 27 [4, 5] (Mo.App.1975), holding the victim's fear, as here, was induced by threats made before intercourse. And to the same effect see *State v. Beck*, 368 S.W.2d 490 (Mo.1963).

We hold here that the victim's testimony of prior threats and her prompt outcries thereafter warranted submission of forcible rape. We deny defendant's challenge to sufficiency of the evidence.

Defendant further claims the trial court erred in denying a new trial because venireman Abt conversed with a bystander, Louis Ferguson. During jury selection defense counsel noticed the conversation, called it to the bailiff's attention, and Ferguson moved away. Defense counsel neither asked for court action nor challenged the venireman, who became a juror.

At an after-trial hearing Mr. Ferguson testified he was sitting across the aisle from the veniremen, heard them talking about farming, and made a couple remarks himself about the subject. The bailiff confirmed this and said Ferguson moved away when asked. Even if this was misconduct by or influence on a prospective juror, defendant's complaint is untimely. In *State v. Brown*, 599 S.W.2d 498 [1–3] (Mo. banc 1980) the court ruled: "It is well-established that where misconduct of jurors is first presented in the motion for new trial, an affirmative showing must be made that both defendant and his attorney were ignorant of the misconduct until after the trial... The reason for the rule is that a defendant is not entitled to wait until the verdict is in, gambling on a favorable verdict, then seek a new trial if a verdict of guilty is returned." We deny defendant's point.

Last, defendant claims plain error in letting in testimony he made no statement to officers until half an hour after his arrest. On direct examination defendant had said he had been arrested at ten o'clock and made a statement of what took place. On cross-examination he admitted making this statement but not until half an hour after his arrest. The cross-examination was relevant to defendant's answer that he had made his initial statement when arrested. Defense counsel did not object and during the trial no further reference was made to defendant's initial silence.

Plain error Rule 27.20(c) is limited to cases where there is a manifest showing of injustice or miscarriage of justice. *State v. Murphy*, 592 S.W.2d 727 [9] (Mo. banc 1980). As in *State v. Elmore*, 467 S.W.2d 915 [3] (Mo.1971), we cannot say defendant's alleged silence had a decisive effect on the jury. We deny defendant's last point.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.