**Charles E. LARRABEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 30936.**

Missouri Court of Appeals,
Western District.

May 4, 1981.

James L. Lyons, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The petitioner brought a unitary motion under Rule 27.26 to set aside two convictions entered on jury verdicts of guilty upon consecutive trials for robbery in the first degree [wherein a sentence of twenty years was imposed] and burglary in the second degree and stealing [wherein a sentence of five years was imposed]. The court sustained the motion as to the burglary and stealing conviction and sentence [C-48578] and ordered a new trial. The court denied the motion as to the robbery conviction and sentence [C-48577], and the defendant appeals.

The ground for relief rests on the contention of ineffectiveness of trial counsel. Among the aspects of the professional inadequacy the pleading and evidence assert are, insufficient trial preparation in numerous particulars, and the failure of counsel to enter an objection to the jury venire on the constitutional grounds later declared in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

The court received testimony on the entire pleading. The evidence was contradictory. The court found each contention against the motion and supported each determination with a meticulous assessment of the evidence. The defendant does not say that any of the findings was not supported by substantial evidence, or was otherwise clearly erroneous—and, indeed, such a contention could not be supported.

The specific assertion for relief on *Duren* grounds must be denied together with the inclusive contention of ineffective assistance of counsel. The robbery [and separate burglary-stealing] was tried in October of 1977, a month after our Supreme Court in *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977) upheld the constitutionality of the Jackson County jury venire selection system against the contention that women were underrepresented in that process. That decision was overturned by the United

States Supreme Court two years later in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). The professional performance of a lawyer was not ineffective for failure to anticipate that change in the constitutional law of the land. *Benson v. State*, 611 S.W.2d 538, 544[5, 6] (Mo.App. 1980).

The judgment is affirmed.

All concur.