**STATE of Missouri, Respondent,**

v.

**Robert BUCKNER, Appellant.**

**No. 43132.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 21, 1981.
Rehearing Denied Aug. 26, 1981.

Joseph W. Downey, Linda Murphy, St. Louis, for appellant.

Kristie Green, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Mark W. Comley, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a conviction of burglary second degree, in violation of § 569.170, RSMo. 1978, for which he was sentenced to a six (6) year term of imprisonment. We affirm.

On October 31, 1980, defendant entered the apartment-residence of John Parker in the City of St. Louis, Missouri. Parker's sister, Helen, was in the apartment when defendant entered but, when defendant refused to heed her command to leave, she fled out the front door. A police officer arrived on the scene a few minutes later and observed the defendant in the apartment holding Ms. Parker's purse. Defendant made an unsuccessful attempt to escape.

At trial, defendant testified he was recently discharged from the state hospital where he had been treated for mental disorders. He also stated, at the time of the burglary, he was distressed over the death of a friend and had taken more Thorazine (a tranquilizer) than the prescribed dosage. Although defendant was unable to state why he entered the Parker apartment, he admitted seeing Ms. Parker upon entering.

Defendant first asserts the trial court erred in giving pattern instruction MAI–CR.2d 2.60. This instruction was mandatory. MAI–CR.2d 2.60, Note on Use 2; *State v. Grady*, 577 S.W.2d 930, 931 (Mo.App.1979). MAI–CR.2d 2.60, states, in pertinent part:

> ... the court may, under the law, sentence the defendant to ...
>
> 1. Imprisonment for a term fixed by the court, *but not to exceed the term assessed and declared by the jury in its verdict* .... (emphasis added.)

Pursuant to their instructions, the jury assessed a three (3) year term of imprisonment. The trial court, following the procedure outlined in § 558.021, RSMo. 1978, determined that defendant was a "persistent offender" within the meaning of § 558.016.2, RSMo. 1978 and sentenced him to a six (6) year term of imprisonment. No error resulted since the jury was not misled on any issue of substantive law. See, *State v. Hunter*, 586 S.W.2d 345, 348 (Mo. banc 1979).

Defendant next asserts error in the trial court's failure to sustain defendant's objection to a jury instruction on burglary second degree. We disagree. Defendant was charged with burglary first degree, § 569.160, RSMo. 1978, which requires proof of all of the elements of burglary second degree, § 569.170, RSMo. 1978. Burglary second degree is, therefore, a lesser included offense of burglary first degree. Section 556.046, RSMo. 1978. Although there was evidence that defendant might have been guilty of the greater offense and, therefore, was not *entitled* to an instruction on burglary second degree, any error was in his favor. *State v. Cox*, 508 S.W.2d 716, 723–24 (Mo.App.1974); MAI–CR.2d 17.00.5.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.