STATE of Missouri, Respondent,

v.

Ezell APPLEWHITE, Appellant.

No. 12532.

Missouri Court of Appeals,
Southern District,
Division Three.

June 30, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied July 22, 1982.

Application to Transfer Denied Sept. 13, 1982.

Scott E. Walter, Public Defender, Benton, for appellant.

John Ashcroft, Atty. Gen., Theodore R. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Defendant was jury-tried and convicted in the Circuit Court of Scott County of the offense of possessing a weapon while intoxicated, in violation of § 571.115, RSMo 1978.[1] He was sentenced as a persistent offender to 3 years imprisonment. In this appeal he seeks reversal of his conviction, contending his tendered instruction defining "intoxication" should have been given by the trial court, and that the statute under which he was prosecuted is "unconstitutionally vague and overbroad." We affirm.

Rule 30.06(e), provides in part: "If a point relates to the giving, *refusal*, or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief." (Emphasis added).

■ We have read and re-read defendant's brief and do not find he has complied with the foregoing rule, inasmuch as his tendered instruction is not set forth in his brief. Consequently, his point attacking the court's refusal to give his requested instruction preserves nothing for our review. *State v. Swink*, 620 S.W.2d 63 (Mo. App.1981); *State v. Williams*, 606 S.W.2d 254 (Mo.App.1980).[2]

1. Repealed by Laws 1981, p. 639, § 1. Offense now covered in § 571.030.1(5), V.A.M.S.

2. The instruction is contained in the legal file. "Intoxication" is not a term which requires definition under MAI–CR2d 33.00, 33.01. "Unless the Notes on Use expressly require or permit the definition of a term, word or phrase,

■ Defendant's belated and naked assertion of unconstitutionality of the criminal statute in question is insufficient to warrant judicial review. Constitutional questions must be raised at the earliest opportunity consistent with good pleading and orderly procedure; the section of the Constitution claimed to have been violated must be specified, and the point must be preserved throughout trial and in after-trial motions. *Kansas City v. Miller*, 463 S.W.2d 565 (Mo.App.1971).

The judgment is affirmed.

MAUS, C. J., and FLANIGAN, GREENE and PREWITT, JJ., concur.

it must not be defined even if requested by counsel or the jury. *State v. Abram*, 537 S.W.2d 408 (Mo. banc 1976)." MAI–CR2d, Notes on Use 8. The Notes on Use for MAI–CR2d 31.24 [Possession of Weapon While Intoxicated] do not require or permit definition of intoxication.