**Eddie WILSON, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 45356.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 1982.

Motion for Rehearing/Transfer Denied
Dec. 13, 1982.

Application to Transfer Denied
Jan. 17, 1983.

Brian L. Andrew, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from a denial of his Rule 27.26 motion. We affirm.

Movant was charged in a three-count amended information with robbery in the first degree, assault with intent to kill with malice aforethought, and armed criminal action. A jury found movant guilty of the assault charge, but not guilty of the robbery and armed criminal action charges. The court sentenced movant to a term of 75 years under the Habitual Criminal Act, § 556.280, RSMo.1969 (repealed 1979). This court affirmed his conviction. *State v. Wilson,* 607 S.W.2d 751 (Mo.App.1980).

Movant filed this motion which was amended after the appointment of counsel. The court, in denying him relief, made extensive findings of fact and conclusions of law. On appeal he cites three of his allegations which he says entitle him to relief.

His first point has been resolved against him in numerous other cases. He says that he was found guilty of "assault with intent to kill with malice" under § 559.190, RSMo.1969, and not with "malice aforethought" under § 559.180, RSMo.1969. Because § 559.190 provided for a maximum sentence of five years, rather than the unlimited range allowed by § 559.180, movant argues his 75-year sentence is in excess of the statutory limit.

As in *Duke v. State,* 608 S.W.2d 464 (Mo. App.1980), the verdict form did not contain the word "aforethought." In *Duke* we held that movant had been clearly charged with

and convicted of violating § 559.180, RSMo. 1969. It appears to us that the circumstances here are identical to those in *Duke;* therefore, we find movant's point without merit.

■ Movant next contends that because he was tried for armed criminal action, robbery in the first degree, and assault with intent to kill with malice aforethought, he had been "placed in double jeopardy." Relying on *Sours v. State,* 603 S.W.2d 592 (Mo.1980), he says that "multiple prosecution for the same offense arising out of the same transaction violates the double jeopardy clause of the Fifth Amendment to the U.S. Constitution." Since movant was acquitted of both the robbery and armed criminal action charges, his double jeopardy complaint is without merit. *See State v. Coleman,* 599 S.W.2d 789 (Mo.App.1980).

Finally movant alleges that he pleaded facts as to his ineffective assistance of counsel allegations which entitled him to a hearing. His complaints are that "counsel failed to object to procedures employed by the court in trying appellant [movant] as a second offender without allowing appellant [movant] to present evidence to refute the state's contentions."

■ Movant had the burden of stating facts upon which he bases his claim for ineffective assistance of counsel. *Pittman v. State,* 604 S.W.2d 638, 639 (Mo.App.1980). He is entitled to an evidentiary hearing only if he alleges facts, not conclusions, which if true warrant relief, if his allegations are not refuted by the files and records of the case, and if the alleged omissions of counsel prejudiced him. *Tollison v. State,* 556 S.W.2d 455, 457 (Mo.App.1977). Movant has not specified what his trial counsel should have objected to or what grounds existed for raising an objection. Movant's allegations are insufficient. *See Shepherd v. State,* 612 S.W.2d 384 (Mo.App. 1981).

The findings of the trial court in this case are not clearly erroneous, therefore, we affirm.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.