STATE of Missouri, Respondent,

v.

Leon W. PETTIS, Appellant.

No. 63455.

Supreme Court of Missouri,
En Banc.

Aug. 16, 1983.

Rehearing Denied Sept. 20, 1983.

John Pat Burnett, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Chief Justice.

Defendant appeals conviction of first degree murder, § 565.003, RSMo 1978, and sentence of life imprisonment, citing as trial court error refusal to instruct the jury on included offenses. Although this Court no longer has exclusive appellate jurisdiction of this case, *see* Art. V, § 3 Constitution of Missouri, because it was submitted prior to the December 2, 1982 amendment to Art. V, § 3 of the Missouri Constitution, it is retained and decided in the interest of judicial economy. *State v. Martin,* 644 S.W.2d 359, 360 (Mo. banc 1983).

Defendant, a black male, was charged with first degree murder for aiding and abetting an armed robbery of the Standard State Bank at 38th and Noland Road in Independence, Missouri on October 2, 1980, during which $17,314 was taken and a bank employee was killed. At trial, the jury was instructed to either find the defendant

guilty of first degree murder or acquit him. Convicted of first degree murder and sentenced to life imprisonment, defendant appeals, contending that because second degree murder, first degree robbery and second degree robbery are offenses included in first degree murder, failure to instruct the jury on these offenses was prejudicial error.

Defendant argues that in *State v. Wilkerson*, 616 S.W.2d 829, 833 (Mo. banc 1981), this Court determined that second degree murder is an offense "included" in first degree murder within the definition of § 556.046.1(2) RSMo 1978, and that failure to instruct the jury on this "included" offense necessarily requires reversal. This argument is without merit. Even if second degree murder is an offense included in first degree murder, an instruction on second degree murder is not required in every first degree murder case. When first degree murder is the highest homicide submitted, the court must give an instruction on conventional second degree murder only if it is "justified by the evidence." Note on Use 3.e., MAI–CR2d 15.00. "Justified by the evidence" means that all essential elements of the offense may be found or inferred from the evidence. Notes on Use 3.b., MAI–CR2d 15.00. The record in this case, however, is devoid of an evidentiary basis for convicting defendant of conventional second degree murder.

At trial, three eyewitnesses-employees of the Standard State Bank testified that on October 2, 1980, the bank was robbed and Linda Lynger, a fellow employee was shot in the head. Three eyewitnesses testified that during the robbery, one of the robbers shot Linda at close range. The Jackson County Medical Examiner testified that Linda Lynger died of a gunshot wound to the head. A film of the robbery taken by a bank surveillance camera was shown to the jury. Two self-confessed participants in the robbery testified that although defendant was not present during the robbery, he helped plan the robbery, was to receive a share of the proceeds and provided a gun, pair of gloves and car used in the robbery.

An Independence police officer testified that near the scene and shortly after the robbery, he fired two shots at a fleeing silver-blue car, the color of defendant's car. An Independence police detective testified to seeing a 1978 silver-blue Thunderbird, identical to defendant's car, enter Highway 70 at Noland Road moments after a description of the fleeing car was broadcast over the police radio. A police criminologist described having found a hole and bullet fragments in the tail-light assembly of defendant's 1978 silver-blue Thunderbird, which was seized at the apartment building where defendant lived and was arrested.

Four witnesses testified for the defense. Defendant's payroll supervisor testified employer records showed defendant was at work during the robbery. A fellow employee of the defendant testified she saw defendant's car parked near their place of employment at 12:15 p.m. on the day of the robbery and that she saw the defendant at work at 2:00 p.m. that day. A former cellmate of one of the robbery participant-witnesses reported the participant told him he was implicating the defendant to cover up for the real culprits, who were Italians that had threatened to "get" him if he turned State's evidence. The final witness was a customer of the Standard State Bank who arrived at the bank's drive-in window during the robbery. The witness testified that upon arrival, he thought "something ... funny was going on" and immediately drove away; as he was leaving, he saw two people hurriedly leave the bank; one who removed a mask, "didn't look negro at the time," but looked like "maybe an Italian or a Mexican."

There was no evidence defendant shot Linda Lyngar, or was in or near the bank at the time. There was no evidence of any purpose by the defendant to bring about a death. There was no evidence Linda Lyngar's death was a natural or probable consequence of any wrong other than robbery intended by the defendant. There was no evidence of any fact that would justify defendant's conviction of murder, independent of aiding and abetting a rob-

bery. The court did not err in failing to instruct the jury on a crime there was no evidence the defendant committed.

 Similarly there was no evidentiary basis for instructing the jury on first or second degree robbery. It has been consistently held there is no obligation to instruct the jury on offenses included in felonies, other than certain intentional homicides, unless the evidence shows that a defendant may not be guilty of the offense charged, but may be guilty of an offense necessarily embraced in the charge. *State v. Leigh,* 466 S.W.2d 685, 686 (Mo.1971). *See also, State v. Craig,* 433 S.W.2d 811, 815 (Mo. 1968), *State v. Chandler,* 314 S.W.2d 897, 901 (Mo.1958), *State v. King,* 342 Mo. 975, 119 S.W.2d 277, 284 (1938). A finding that defendant was not guilty of first degree murder but guilty of first or second degree robbery would have required a finding he aided and abetted a robbery during which no related death occurred. The only evidence in the case was that Linda Lyngar was killed during the perpetration of an armed robbery of the Standard State Bank. Defense counsel admitted as much in his closing argument. There was no evidentiary basis for acquitting the defendant of first degree murder and convicting him of first or second degree robbery. The court did not err in failing to instruct the jury on these offenses, and defendant's conviction is affirmed.

WELLIVER, HIGGINS, GUNN, BILLINGS and DONNELLY, JJ., and SEILER, Senior Judge, concur.

BLACKMAR, J., not participating because not a member of the Court when cause was submitted.