John Wayne BOYET, Appellant,

v.

STATE of Missouri, Respondent.

No. 47385.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 22, 1984.

418

Lenzie L. Leftridge, Jr., Flat River, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals the trial court's denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant's conviction for rape was affirmed in *State v. Boyet*, 620 S.W.2d 439 (Mo.App.1981). He then sought to vacate the conviction by alleging ineffective assistance of counsel and the discovery of new evidence. He now complains about the denial of an evidentiary hearing.

 Movant alleges his trial attorney was ineffective for refusing to object "to

hearsay testimony of allege telephone conversation; counsel refused to call witness for defendant." Nothing further is alleged. We find movant has not met his burden of stating facts to substantiate his claim of ineffective assistance of counsel. *Tollison v. State*, 556 S.W.2d 455, 457 (Mo. App.1977). Thus, no hearing was required for this allegation.

Movant also alleges counsel was ineffective for failing to call a witness movant himself was not aware of until after trial. To be effective, counsel need not be clairvoyant. This allegation is completely lacking in merit.

Movant claims he now has evidence his victim's husband offered her sexual services to someone else in exchange for money. Movant does not allege how this evidence would have affected the outcome of his trial. *Robinson v. State*, 643 S.W.2d 8 (Mo.1982). *See also*, § 491.015, RSMo 1978.

The motion on its face conclusively shows movant not to be entitled to relief. Rule 27.26(e). The trial court therefore did not err in denying it without an evidentiary hearing.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.