John BOGGS, Appellant,

v.

STATE of Missouri, Respondent.

No. 15078.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 18, 1987.

Motion for Rehearing and to Transfer to
Supreme Court Denied
Dec. 30, 1987.

M. Elise Branyan, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

John Boggs ("movant") appeals from a judgment dismissing his first amended motion under Rule 27.26, Missouri Rules of Criminal Procedure (17th ed. 1986), to vacate his conviction of first degree murder, § 565.003, RSMo 1978, and sentence of life imprisonment. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Boggs*, 634 S.W.2d 447 (Mo. banc 1982).

Movant commenced the instant proceeding by filing a pro se motion to vacate on September 10, 1984. We henceforth refer to that pleading as "the pro se motion."

Counsel was subsequently appointed to represent movant, and on June 24, 1986, counsel filed on movant's behalf a first amended motion for relief under Rule 27.-26. That pleading incorporated every allegation of the pro se motion and added certain allegations that did not appear in the pro se motion. We henceforth refer to the motion filed by counsel as "the first amended motion."

Two days later, on June 26, 1986, movant, over his own signature, filed an amended motion incorporating every allegation of his pro se motion and adding certain allegations that did not appear in the pro se motion. We henceforth refer to the motion of June 26 as "the second pro se motion."

On October 9, 1986, the prosecutor filed a motion to dismiss movant's "claim" without an evidentiary hearing.

On January 22, 1987, the circuit court, henceforth referred to as "the motion court," filed written findings of fact, conclusions of law and judgment granting the prosecutor's motion to dismiss. This appeal followed.

Movant briefs one assignment of error. It states:

"The [motion] court clearly erred ... when it sustained [the prosecutor's] motion to dismiss without an evidentiary hearing because movant's pro se and [second pro se and first amended] motions contained a sufficient factual basis to entitle him to an evidentiary hearing as to whether he was deprived of ... effective assistance of counsel when his trial attorney failed to conform his conduct to the care and skill of a reasonably competent attorney rendering similar services under existing circumstances when counsel failed to (1) make an opening statement; (2) object to and/or refute testimony by State's witnesses Jim Woodward, Don Smith, Detective Whitlow and Detective Lowe; (3) call defense witnesses Wanda Cox, Kathy Glover, Bert Twibell and [Louren] Davidson; (4) offer or request jury instructions on second degree murder (conventional), second degree murder (felony) and burglary in the second degree; and (5) failed to object to the improper form of the State's verdict directors on murder in the first degree and manslaughter."

In *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987), the Supreme Court of Missouri, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), held that in order to prevail on a claim of ineffective assistance of counsel, a prisoner seeking post-conviction relief under Rule 27.26 must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that the prisoner was thereby prejudiced. The prisoner must satisfy both the performance prong and the prejudice prong to prevail. *Sanders*, at 857. The Supreme Court of Missouri quoted the following standard from *Strickland:*

"The benchmark for judging any claim of ineffectiveness must be whether coun-

sel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93.

*Sanders,* at 857–58.

Amplifying the above passage, *Strickland* went on to explain that an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment if the error had no effect on the judgment. 466 U.S. at 691, 104 S.Ct. at 2066[15], 80 L.Ed.2d at 696[20]. Thus, said *Strickland,* the prisoner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. 466 U.S. at 694, 104 S.Ct. at 2068[19], 80 L.Ed.2d at 698[25].

■■ To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the prisoner. *Mannon v. State,* 727 S.W.2d 936, 938[1] (Mo.App.1987); *Baker v. State,* 680 S.W.2d 278, 281[3] (Mo.App.1984); *Merritt v. State,* 650 S.W.2d 21, 22[1] (Mo.App.1983). A motion to vacate under Rule 27.26 which contains mere conclusional allegations and sets out no facts which, if true, would authorize relief does not warrant an evidentiary hearing. *State v. Lillibridge,* 399 S.W.2d 25, 28[2] (Mo.1966), *cert. denied,* 384 U.S. 956, 86 S.Ct. 1579, 16 L.Ed.2d 551 (1966); *State v. Statler,* 383 S.W.2d 534, 537[2] (Mo.1964); *State v. Ninemires,* 306 S.W.2d 527, 530[8] (Mo.1957).

Guided by the above principles, we shall examine separately each averment in the pro se motion, the second pro se motion, and the first amended motion pertaining to each of the five numbered instances of alleged ineffective assistance of counsel enumerated in movant's assignment of error, quoted *supra,* to determine whether any of those averments pleaded facts which, if true, would warrant relief.

■■ We begin with instance "(1)," a complaint by movant that his trial attorney, henceforth referred to as "defense counsel," was derelict in failing to make an opening statement.

Paragraph 3(b)(i) of the first amended motion alleges that defense counsel "failed to make an opening statement." That is all the first amended motion says on the subject. Nowhere therein do we find any allegation as to what defense counsel should have said in an opening statement. The absence of such an allegation is not surprising, however, as movant presented no evidence at the jury trial.

Defense counsel's failure to make an opening statement is not mentioned in either the pro se motion or the second pro se motion.

The motion court's findings included this:

"Movant ... complains about his counsel's failure to give an opening statement.... there are no facts alleged which indicate prejudice or grounds for relief. Additionally, prior to beginning the defense case, Movant's counsel and Movant came before the Court to announce that no evidence would be presented on behalf of the defendant.... Since the function of an opening statement has traditionally been to outline the defense case, and here there was none, it is difficult to see what counsel would have accomplished in an opening statement that could not have been better served in a closing argument. Movant's point is without any merit."

Our review of a circuit court's judgment in a proceeding under Rule 27.26 is limited to a determination of whether the findings, conclusions, and judgment of such court are clearly erroneous. *Sanders,* at 857; Rule 27.26(j).

■■ The purpose of an opening statement is to inform the court and jury as to the nature of the case, give an outline of the anticipated proof and point out the significance of the evidence as it will be presented. *State v. Bibbs,* 634 S.W.2d 499,

501[5] (Mo.App.1982). Argument is not the proper function of an opening statement. *State v. Ivory*, 609 S.W.2d 217, 222[7] (Mo. App.1980).

As there was no evidence to be presented by movant, we cannot conceive anything defense counsel could have properly said in an opening statement, and, as noted earlier, none of movant's three motions supply any clue.

In *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), a prisoner sought post-conviction relief, alleging his counsel was ineffective in failing to investigate all possible defenses. Affirming the circuit court's denial of relief without an evidentiary hearing, the Supreme Court of Missouri held that the allegation was insufficient in that it failed to allege what defenses were available and likely would have been discovered if further investigation had been made. *Id.* at 411[2].[1]

In *State v. Washington*, 399 S.W.2d 109 (Mo.1966), a prisoner seeking post-conviction relief alleged, among other things, that his counsel "did not do very much" and "did not even thoroughly investigate the law, facts, and circumstances of the case." The circuit court denied relief without an evidentiary hearing. The Supreme Court of Missouri affirmed, holding that the allegations were insufficient to present an issue as to effective assistance of counsel. *Id.* at 112[8].

In *State v. Warren*, 321 S.W.2d 705 (Mo. 1959), a prisoner seeking post-conviction relief alleged, among other things, that his counsel did not attempt "to provide a defense," that counsel failed to protect every right of the prisoner, and that counsel abandoned the prisoner by failing to present evidence or testimony which would have established that the prisoner was not guilty. The circuit court denied relief. The Supreme Court of Missouri affirmed, holding that the allegations were only conclusions, and were insufficient to afford a basis for relief. *Id.* at 709–10[5].

Applying *Smith, Washington* and *Warren* to instance "(1)" in movant's assignment of error, we hold that movant, in the motion court, pleaded no facts which, if true, would have authorized relief based on defense counsel's failure to make an opening statement. The motion court did not err in denying relief without an evidentiary hearing on that averment.

The second complaint of ineffective assistance in movant's assignment of error is instance "(2)." There, movant insists that defense counsel was remiss in failing to "object to and/or refute testimony by" four State's witnesses. We shall examine separately movant's allegations in regard to each of the four witnesses.

■ The first of the four is Jim Woodward. Paragraph 3(b)(ii) of the first amended motion alleges that defense counsel was ineffective in that he "failed to object to testimony by Jim Woodward and the introduction of a videotaped statement by Boggs because the state failed to lay the foundation for the introduction of such testimony and evidence."

Woodward is not mentioned in either the *pro se* motion or the second *pro se* motion.

The motion court's findings included this:

"Movant argues that counsel was ineffective in failing to object to the introduction of a videotaped statement by the defendant which was made at his suggestion. Again, there is no allegation as to the grounds for such an objection or how the Movant was prejudiced by the lack of an objection by counsel. There is no obligation on the part of trial counsel to object to non-objectionable evidence. See, e.g., *Parcel v. State*, 687 S.W.2d 621 (Mo.App.1985); *Shaw v. State*, 686 S.W. 2d 513 (Mo.App.1985). Where Movant fails to allege the grounds and basis for the objection, no evidentiary hearing is required. See, e.g., *Boyet v. State*, 671 S.W.2d 417 (Mo.App.1984); *Wilson v. State*, 643 S.W.2d 6 (Mo.App.1982). This Court further notes that the transcript of

---

**1.** *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), overruled other aspects of *Smith,* but did not disturb *Smith's* holding that the allegation

regarding counsel's failure to investigate all possible defenses was insufficient to warrant an evidentiary hearing.

trial and the transcript of the suppression hearing indicate that a proper foundation for its introduction was, in fact, made and the Court properly admitted the evidence of the videotape."

In *Boyet*, cited by the motion court, a prisoner seeking post-conviction relief alleged his trial attorney was ineffective in refusing to object "to hearsay testimony of allege telephone conversation." The circuit court denied relief without an evidentiary hearing. Holding that the prisoner had failed to meet the requirement of stating facts to substantiate his claim, the appellate court ruled no hearing was required on that allegation. *Boyet*, 671 S.W.2d at 418[1].

In *Wilson*, also cited by the motion court, a prisoner seeking post-conviction relief alleged his trial attorney was ineffective in failing "to object to procedures employed by the court in trying [the prisoner] as a second offender without allowing [the prisoner] to present evidence to refute the state's contentions." The circuit court denied relief. On appeal, the prisoner maintained that he had pleaded facts entitling him to an evidentiary hearing. Affirming the denial of relief, the appellate court held that the prisoner's allegations were insufficient, as they did not specify what his counsel should have objected to or what grounds existed for raising an objection. *Wilson*, 643 S.W.2d at 8[4].

Applying *Boyet* and *Wilson* to the instant case, we hold that the motion court did not err in ruling that movant had failed to plead facts entitling him to an evidentiary hearing in regard to defense counsel's alleged failure to object to the testimony of witness Woodward and to the introduction of the videotaped statement. Furthermore, the motion court, as we have seen, held that the videotape was properly admitted in evidence, and movant does not, in his brief, explain wherein and why the "foundation" for admission was deficient.

■ The second witness mentioned in instance "(2)" of movant's assignment of error is Don Smith. Paragraph 3(a)(iii) of the first amended motion alleges that defense counsel was ineffective in that he failed to cross-examine Smith "about potential evidence that was tested or not tested." Paragraph 3(b)(iii) of the first amended motion alleges that defense counsel was ineffective in that he "failed to object to the introduction of an expert opinion by Don Smith that was not based upon his own observations, tests, and knowledge."

Smith is not mentioned in either the pro se motion or the second pro se motion.

The motion court's findings included this:

"Movant alleges ineffective assistance of counsel for his failure to object to the expert testimony of Don Smith, a police lab analyst. There is no indication of which portion of Mr. Smith's testimony is objectionable or any facts which indicate his testimony was improperly admitted. Where the Movant does not allege sufficient facts to demonstrate prejudice to his case and his entitlement to relief, no evidentiary hearing is warranted. *Sinclair v. State*, 708 S.W.2d 333 (Mo.App. 1986). Since Mr. Boggs has, at no time, contested his involvement in the burglary or the fact of the shooting of Mr. Sharick by his co-defendant, it is difficult to see how he could have been prejudiced by the admission of Smith's testimony."

With respect to the last sentence in the above-quoted excerpt, the opinion of the Supreme Court of Missouri affirming movant's conviction explains that movant, in his confessions, admitted participating in the burglary during which the homicide was committed, but blamed the killing on his accomplice, one O'Neal. *Boggs*, 634 S.W.2d at 449–50.

In *Sinclair*, cited by the motion court, a prisoner seeking post-conviction relief alleged his trial attorney was ineffective in failing "to investigate [the prisoner's] case and call Brandy, a gypsy, as a defense witness in [the prisoner's] behalf." The circuit court denied relief without an evidentiary hearing. The appellate court affirmed, holding that the allegation did not warrant an evidentiary hearing, as it gave no indication of the facts to which Brandy would have testified or how the testimony

would have aided the prisoner. *Sinclair*, 708 S.W.2d at 336[4].

In the instant case, movant failed to allege what "potential evidence" was tested or not tested, failed to explain how any such evidence could have aided him, failed to identify the "expert opinion" that defense counsel should have objected to, and failed to allege how an objection would have given rise to a reasonable probability that the outcome of his trial would have been different.

The motion court did not err in denying relief without an evidentiary hearing on the averments regarding witness Smith.

■ The third witness mentioned in instance "(2)" of movant's assignment of error is Detective Whitlow. Paragraph 3(a)(ii) of the first amended motion alleges that defense counsel was ineffective in that he "failed to impeach Detective Whitlow about orders he gave to Greene County jailers regarding the condition of Boggs' incarceration." Paragraph 3(a)(iii) of the first amended motion alleges that defense counsel was ineffective in that he failed to cross-examine Whitlow "about potential evidence that was seized or not seized." Paragraph 3(a)(iv) of the first amended motion alleges that defense counsel was ineffective in that he "failed to object to testimony by Detective Whitlow regarding movant's arrest in Texas."

Whitlow is not mentioned in either the pro se motion or the second pro se motion.

It is manifest from the authorities discussed earlier that none of movant's allegations regarding Whitlow warranted an evidentiary hearing. Movant failed to allege what "orders" Whitlow gave regarding movant's incarceration, failed to allege how such orders were relevant to any issue at trial, failed to allege how such evidence would have aided him or would have impeached Whitlow, failed to allege what "potential evidence" was seized or not seized, failed to allege what defense counsel should have asked Whitlow on cross-examination about such evidence, failed to allege the testimony given by Whitlow regarding movant's arrest in Texas, and failed to state what objections defense counsel should have made thereto. As all of movant's allegations regarding Whitlow were conclusional, and none set forth facts which, if true, would authorize relief, the motion court did not err in denying relief without an evidentiary hearing on the averments regarding witness Whitlow.

■ The final witness mentioned in instance "(2)" of movant's assignment of error is Detective Lowe. Paragraph 3(a)(iii) of the first amended motion alleges that defense counsel was ineffective in that he failed to cross-examine Lowe "about potential evidence that was seized or not seized."

Lowe is not mentioned in either the pro se motion or the second pro se motion.

Movant's allegation regarding Lowe is identical to movant's second allegation regarding Whitlow, quoted above. It follows from what we have said regarding Whitlow that the motion court did not err in denying relief without an evidentiary hearing on the averment regarding witness Lowe.

■ There are two other allegations that movant may have been referring to in instance "(2)" of his assignment of error. The first is paragraph 3(a)(i) of the first amended motion, which alleges that defense counsel was ineffective in that he "failed to refute testimony by state's witnesses regarding the events preceding the statement movant gave to Detectives Whitlow and Lowe." The second is paragraph 3(b) of the second pro se motion, which alleges that defense counsel "failed to properly cross-examine adverse State witnesses as to their purjuried [sic] testimony during the motion to suppress."

The motion court's findings included this:

"Movant further alleges that counsel was deficient in its cross-examination of the State's witnesses at the suppression hearing. Again, there is no allegation of what facts the attorney should have elicited, how such facts would assist the Movant in his defense to the charge and how he was prejudiced by their absence. As such, the allegations are insufficiently pleaded to merit an evidentiary hearing."

We add that nowhere in any of his allegations did movant identify the State's witnesses whose testimony defense counsel should have refuted, nor did movant allege what evidence defense counsel should have presented to refute such testimony. The motion court did not err in denying relief without an evidentiary hearing on paragraph 3(a)(i) of the first amended motion or paragraph 3(b) of the second pro se motion.

■■ The third complaint of ineffective assistance in movant's assignment of error is instance "(3)." There, movant asserts that defense counsel was derelict in failing to call four "defense witnesses." We shall examine movant's allegations in regard to the four.

Three of the four are Wanda Cox, Kathy Glover and Louren Davidson. Paragraph 3(b)(vi) of the first amended motion alleges that defense counsel was ineffective in that he "failed to call defense witnesses during the Motion to Suppress and trial to refute statements by the state's witnesses regarding the circumstances surrounding the events leading up to movant's arrest, stenograph statement and videotaped statement that affected his state of mind and the voluntariness of his statements." Witnesses Cox, Glover and Davidson are not mentioned in the preceding allegation. Their names do, however, appear among the names of seven persons listed by movant as individuals upon whose testimony he "may rely ... at his evidentiary hearing."

Witnesses Cox, Glover and Davidson are not mentioned in either the pro se motion or the second pro se motion.

Our first observation regarding paragraph 3(b)(vi) of the first amended motion is that the transcript of the hearing on the motion to suppress shows that defense counsel did call witnesses Cox, Glover and Davidson to testify at that proceeding, and all three gave testimony. Consequently, if they are the unnamed "defense witnesses" to whom movant was referring in paragraph 3(b)(vi), the record refutes his averment that defense counsel failed to call them at the suppression hearing.

As to the trial, paragraph 3(b)(vi) fails to identify the "defense witnesses" whom defense counsel neglected to call, fails to identify the "state's witnesses" whose statements the unnamed defense witnesses could have refuted, fails to supply any clue as to the statements that movant contends defense counsel should have refuted, and fails to set forth the testimony that the defense witnesses could have given for such purpose.

We hold that the allegations of paragraph 3(b)(vi) of the first amended motion were conclusional and set out no facts which, if true, would have authorized relief. Consequently, the motion court did not err in denying relief without an evidentiary hearing on that paragraph.

The remaining witness named in instance "(3)" of movant's assignment of error is Bert Twibell. If he be one of the unnamed "defense witnesses" to whom movant was referring in paragraph 3(b)(vi) of the first amended motion, our discussion of the deficiencies in that paragraph regarding witnesses Cox, Glover and Davidson applies with equal effect to witness Twibell, and nothing further need be said on that subject.

■■ Paragraph 3(b) of the second pro se motion avers: "Prior to movant's trial [defense counsel] filed a motion to supress [sic], during the motion to supress [sic] [defense counsel] refused to call his law partner, Mr. Bert Twible [sic], as a witness on behafe [sic] of movant. Movant contends that Bert Twible [sic] would have supplied testimony favorable to movants' [sic] case...."

The motion court's findings included this: "There is no allegation that Twibell would provide a defense and, in fact, no facts pleaded which would justify the calling of an evidentiary hearing for the purpose of having Attorney Twibell testify as to his involvement in the case. In order to even merit an evidentiary hearing, the Movant must show what the testimony of the witness would have been, that it would have provided a defense.... *McAlester v. State*, 658 S.W. 2d 90 (Mo.App.1983). None of these matters has been alleged here."

In *McAlester*, cited by the motion court, a prisoner seeking post-conviction relief alleged his trial counsel was ineffective in that he "failed to contact the movant's alibi witnesses and discuss the nature of their testimony until the day of trial, and only then after the state had rested their case, and, as such, subjected the movant to a substantial prejudice inducing the movant to accept a last minute defense, and denied the movant of effective assistance of counsel, all to the prejudice of movant." The circuit court denied relief without an evidentiary hearing. The appellate court held that the allegation was conclusional, and that in order to state a claim for relief on the ground that counsel was ineffective in failing to call alibi witnesses, it is necessary to allege that counsel was informed by the prisoner of the names and addresses of the witnesses, that they were available to testify, and that their testimony would have been helpful to the defense by showing that the prisoner was not present at the scene of the crime at the time it occurred. *McAlester*, 658 S.W.2d at 91–92[1].

If the allegations in *McAlester* were too conclusional to warrant an evidentiary hearing, the allegations of paragraph 3(b) of the second pro se motion in the instant case were indubitably so.

The motion court did not err in denying relief without an evidentiary hearing on the averments of paragraph 3(b)(vi) of the first amended motion or paragraph 3(b) of the second pro se motion.

Before leaving witness Twibell, one further comment is in order. Paragraph 4 of the first amended motion lists 11 items of "evidence" on which movant "may rely" at his evidentiary hearing. Item "(f)" in that list is: "Letter from Bert Twibell to John Boggs dated 8/9/82." Among the papers in the record on appeal is a document marked "Petitioner's Exhibit A." It is a copy of a letter from attorney Bert V. Twibell to movant dated August 9, 1982. The body of the letter is set forth below.[2]

While we find no reference to any exhibit A in the pro se motion, the second pro se motion or the first amended motion, we shall assume for the purpose of this opinion that Petitioner's Exhibit A is the letter listed as item "(f)" in the first amended motion. We shall further assume, without deciding, that the listing of the letter as an exhibit in the first amended motion was sufficient to incorporate the contents of the letter by reference in the first amended motion. Having made those assumptions, we shall determine whether they alter our conclusion that no evidentiary hearing was required in regard to the allegations concerning Twibell.

We observed earlier that nowhere in any of his motions did movant allege what testimony Twibell could have refuted or how Twibell's testimony would have been beneficial to movant. The motion court was not obliged to speculate about such matters in determining whether an evidentiary hearing was warranted. If Twibell's testimony would indeed have refuted testimony that was adverse to movant, it was movant's obligation to set forth, in his motion to vacate, the testimony that Twibell could have contradicted and to state how Twibell's testimony would have aided movant.

The motion court did not err in denying relief without an evidentiary hearing on the averments regarding Twibell.

■ The fourth complaint of ineffective assistance in movant's assignment of error is instance "(4)." There, movant maintains that defense counsel was deficient in failing to "offer or request jury instructions on second degree murder (conventional), second degree murder (felony) and burglary in the second degree." With respect to conventional second degree murder and second degree felony-murder, movant, in his brief, directs us to MAI–CR 2d, Homi-

---

**2.** The letter states:
"To my knowledge, I did not receive a telephone call from you on July 9, 1979, nor have I ever received a telephone call from you. I do remember receiving a telephone call from Debbie McKeehan, wherein she requested that I go and see you at the Greene County Jail. I remember thereafter conferring with you at the jail and advising you to make no further statements to any law enforcement officials without the presence and aid of your own legal counsel."

cides Committed After May 25, 1977, Supplemental Notes on Use Applicable to the 15.00 Series of MAI–CR. Note 3.e thereunder, states, in pertinent part:

"... if murder in the first degree is the highest homicide submitted, the court must give the following instruction:

MAI–CR 15.18 on conventional manslaughter. The court must also give either one or both of the following instructions which are justified by the evidence:

MAI–CR 15.14 on conventional second degree murder, and

MAI–CR 15.16 on any second degree felony-murder."

As explained in the first paragraph of this opinion, movant stands convicted of first degree murder. The homicide occurred July 6, 1979. At that time, first degree murder was proscribed by § 565.003, RSMo 1978, which provided, in pertinent part:

"Any person who unlawfully kills another human being without a premeditated intent to cause the death of a particular individual is guilty of the offense of first degree murder if the killing was committed in the perpetration of or in the attempt to perpetrate ... burglary...." [3]

The Supreme Court of Missouri, in its opinion affirming movant's conviction, noted that the trial court gave the jury a verdict-directing instruction on first degree murder (hypothesizing that the victim was shot during the perpetration of a burglary) and a verdict-directing instruction on manslaughter. *Boggs*, 634 S.W.2d at 454–55. Defense counsel did not request a verdict-directing instruction on either conventional second degree murder or second degree felony-murder. That omission, says movant, constituted ineffective assistance.

Movant overlooks the fact that at the time his trial took place (April 28–30, 1980), the prevailing decision of the Supreme Court of Missouri in regard to instructing on lesser offenses in a first degree murder prosecution was *State v. Handley*, 585

S.W.2d 458 (Mo.1979). There the accused was charged with murder in the first degree under § 559.007, RSMo Cum.Supp. 1975, by aiding and abetting others in an attempted bank robbery during which a guard was fatally shot. § 559.007, RSMo Cum.Supp.1975, provided, in pertinent part:

"The unlawful killing of a human being when committed without a premeditated intent to cause the death of a particular individual but when committed in the perpetration of or in the attempt to perpetrate ... robbery ... is murder in the first degree."

The trial court in *Handley* submitted the case to the jury on verdict-directing instructions on murder in the first degree, conventional second degree murder, § 559.020, RSMo 1969, and voluntary manslaughter, § 559.070, RSMo 1969. The jury found the accused guilty of second degree murder. On appeal, the accused asserted he was impermissibly convicted of a crime of which he had not been charged. The Supreme Court of Missouri agreed, holding that "common form" second degree murder was not a lesser included offense of "first degree felony murder" under § 559.007 inasmuch as the latter did not include the elements of willfulness, premeditation, or malice aforethought, each of which were necessary for "common form" second degree murder. *Id.* at 461–62[4]. Consequently, said the opinion, the trial court was without jurisdiction to submit second degree murder for the jury's consideration. *Id.* at 461–62[5]. The conviction was reversed.

*Handley* was reinforced by *State v. Jackson*, 594 S.W.2d 623, 625[3] (Mo.1980), decided only seven weeks before movant's trial.

Under *Handley*, it would have been error had the trial court in movant's case instructed the jury on conventional second degree murder. Defense counsel cannot be branded ineffective for failing to urge the trial court to give an instruction that would have been contrary to the existing law at

---

**3.** Section 565.003, RSMo 1978, has since been repealed. Laws 1983, H.C.S.S.C.S.S.B. 276, § 1, p. 923.

the time of movant's trial. The fact that *Handley* was overruled by *State v. Wilkerson*, 616 S.W.2d 829, 831–33 (Mo. banc 1981), a year after movant's trial, does not aid movant, as the performance of an accused's counsel in a criminal case is to be measured against the state of the law at the time of counsel's performance, and ineffectiveness cannot be predicated on failure to predict a change in the law. *Hanson v. State*, 684 S.W.2d 337, 342[9] (Mo. App.1984); *Pollard v. State*, 627 S.W.2d 114, 116 (Mo.App.1982); *Larrabee v. State*, 616 S.W.2d 542, 543 (Mo.App.1981); *Bolder v. State*, 613 S.W.2d 196, 197[2] (Mo.App. 1981); *Benson v. State*, 611 S.W.2d 538, 544–45 (Mo.App.1980).

Movant's contention that defense counsel was ineffective in failing to tender an instruction on conventional second degree murder is without merit.

■ As to defense counsel's failure to tender an instruction on second degree felony-murder, we observe that Note on Use 3, MAI–CR 2d, Homicides Committed After May 25, 1977, explained that homicides committed in the perpetration of or attempt to perpetrate any felony other than the five listed in the first degree murder statute (§ 565.003, RSMo 1978) constituted felony-murder in the second degree. Note on Use 4 stated: "Common law felony-murder in the second degree may not be submitted unless justified by the evidence."

Nowhere in movant's pro se motion, second pro se motion, or first amended motion does he state what felony would have supplied the basis for a submission of second degree felony-murder, and it was not the duty of the motion court to seine the 424-page transcript of movant's jury trial in an effort to locate evidence that might have supported a submission of second degree felony-murder. Indeed, nowhere in movant's brief in this appeal does he identify any felony that would have supported an instruction on second degree felony-murder. The motion court did not err in denying relief without an evidentiary hearing on the averment that defense counsel was ineffective in failing to tender an instruction on second degree felony-murder.

■ The final complaint in instance "(4)" of movant's assignment of error is that defense counsel was ineffective by failing to tender a verdict-directing instruction on burglary in the second degree.

The complaint is answered by *State v. Pettis*, 655 S.W.2d 513 (Mo. banc 1983). There, the accused was charged with first degree murder, § 565.003, RSMo 1978, by aiding and abetting a bank robbery during which a bank employee was killed. The trial court submitted the case by a verdict-directing instruction that the jury was to either find the accused guilty of first degree murder or acquit him. After a verdict of guilty, the accused appealed, asserting, among other things, that the trial court had erred in failing to submit first degree robbery and second degree robbery. Rejecting that thesis, the Supreme Court of Missouri stated it had been consistently held there is no obligation to instruct the jury on offenses included in felonies, other than certain intentional homicides, unless the evidence shows that an accused may not be guilty of the offense charged, but may be guilty of an offense necessarily embraced in the charge. *Id.* at 515[3]. The Court explained that a finding that the accused was not guilty of first degree murder but guilty of first or second degree robbery would have required a finding that he aided and abetted a robbery during which no related death occurred. *Id.* As the only evidence in the case was that the victim was killed during the perpetration of the robbery, there was no evidentiary basis for acquitting the accused of first degree murder and convicting him of first or second degree robbery. *Id.* at 515[4].

In movant's case, the only evidence was that the victim was fatally shot during a burglary that movant planned and in which he participated. There was, consequently, no evidentiary basis for acquitting movant of first degree murder and convicting him of burglary in the second degree. That being so, defense counsel was not remiss in failing to tender a verdict-directing instruction on the latter offense.

The only remaining complaint of ineffective assistance in movant's assignment of

error is instance "(5)," where movant asserts that defense counsel was deficient in failing "to object to the improper form of the State's verdict directors on murder in the first degree and manslaughter."

The verdict-directing instruction on first degree murder hypothesized that the victim was fatally shot during the commission of burglary in the *second* degree. Section 569.170, RSMo 1978, provided, in pertinent part:

"1. A person commits the crime of burglary in the second degree when he knowingly enters unlawfully ... in [an] ... inhabitable structure for the purpose of committing a crime therein.

...."

Movant's argument, set forth *infra*, requires us to note § 569.160, RSMo 1978. It provided, in pertinent part:

"1. A person commits the crime of burglary in the first degree if he knowingly enters unlawfully ... in [an] ... inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the ... inhabitable structure ...:

....

(3) There is present in the structure another person who is not a participant in the crime.

...."

■■■ Movant maintains that defense counsel was ineffective in failing to object to the verdict-directing instruction on first degree murder on two grounds. Movant asserts:

"First, the [movant's] own statements clearly reflect an intent to commit the crime of *first*, not second, degree burglary by entering an inhabitable structure, for the purpose of committing a crime, when there was present in the structure another person who was not a participant in the crime. Second, the crime of burglary in the second degree, by its nature, envisions the unlawful entry of a house where no one is present. It is therefore legally and factually impossible to commit murder and burglary in the second degree in this case because the victim

was an inhabitant of the house and a non-participant in the crime."

The evidence showed that movant's accomplice, O'Neal, entered the residence of Dr. and Mrs. Larry Dowell while movant detained the victim at a trailer behind the residence. At the time O'Neal entered the residence, no one was home. Movant later took the victim to the Dowell residence, and that was where the victim was ultimately killed. The verdict-directing instruction on first degree murder hypothesized the burglary of the Dowell residence.

Our first observation regarding movant's theory is that inasmuch as no one was present in the Dowell residence when O'Neal entered for the purpose of stealing, it is arguable that O'Neal's entry (for which movant was criminally accountable) amounted to no more than burglary in the second degree. That may be why the State chose to hypothesize burglary in the second degree in the verdict-directing instruction tendered on first degree murder.

Be that as it may, there was no error in hypothesizing burglary in the second degree in the verdict-directing instruction on first degree murder. The evidence, recounted in detail in the opinion of the Supreme Court of Missouri affirming movant's conviction, *Boggs*, 634 S.W.2d at 449–50, demonstrated that O'Neal and movant committed burglary in the second degree by unlawfully entering an inhabitable structure (the Dowell residence) for the purpose of committing stealing therein. The fact that the evidence may arguably have demonstrated that they committed burglary in the first degree does not mean it failed to show burglary in the second degree. The latter offense, coupled with the attendant homicide, was all that was required for a conviction under § 565.003, RSMo 1978.

Movant cites no authority to support his contention that a verdict-directing instruction on felony-murder must hypothesize the highest degree of the underlying felony supported by the evidence, and no reason is apparent to us why there should be such a requirement.

A case where the accused presented an argument analogous to movant's is *State v. Buckner*, 620 S.W.2d 410 (Mo.App.1981). There, the accused was charged with burglary in the first degree. Over his objection, the trial court gave a verdict-directing instruction on burglary in the second degree. The accused was found guilty of that offense. On appeal, he assigned error in the giving of the instruction on burglary in the second degree, maintaining that the evidence showed he was guilty of burglary in the first degree. Affirming the conviction, the appellate court held that inasmuch as burglary in the first degree requires proof of all the elements of burglary in the second degree, the latter crime is a lesser included offense in the former crime. *Id.* at 411[2]. The opinion said: "Although there was evidence that [the accused] might have been guilty of the greater offense and, therefore, was not entitled to an instruction on burglary second degree, any error was in his favor." *Id.*

We hold that movant was not entitled to have the trial court hypothesize burglary in the first degree as the underlying felony in the verdict-directing instruction on first degree murder merely because the evidence may have been sufficient to support such a submission. That being so, defense counsel was not ineffective in failing to object to such instruction on that ground.

■ Instance "(5)" in movant's assignment.of error also indicts defense counsel for ineffectiveness in failing to object to the "improper form" of the verdict-directing instruction on manslaughter. That instruction is not set forth in the argument portion of movant's brief, a violation of Rule 30.06(e), Missouri Rules of Criminal Procedure (18th ed. 1987). By reason thereof, any contention regarding such instruction has not been preserved for appellate review. *State v. Applewhite*, 637 S.W. 2d 312, 313[1] (Mo.App.1982); *State v. Swink*, 620 S.W.2d 63, 64[1] (Mo.App.1981). Furthermore, nowhere in his brief does movant furnish any clue as to how the form of such instruction was "improper," nor does he explain how defense counsel was ineffective in failing to object to it.

Indeed, we find no argument pertaining to the verdict-directing instruction on manslaughter anywhere in movant's brief. Movant has therefore abandoned any complaint of ineffective assistance regarding such instruction. *State v. Heitman*, 473 S.W.2d 722, 727–28[4] (Mo.1971); *State v. Franks*, 685 S.W.2d 845, 848–49[8] (Mo. App.1984).

The judgment of the motion court denying movant's motions to vacate is affirmed.

GREENE, P.J., and HOLSTEIN, J., concur.