Bruce WILSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 15270.

Missouri Court of Appeals,
Southern District,
Division One.

March 31, 1988.

Kathleen Murphy Markie, Columbia, for appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

Bruce Wilson ("movant") brought a proceeding under Rule 27.26, Missouri Rules of Criminal Procedure (17th ed. 1986),[1] to vacate his conviction of two counts of passing a bad check, § 570.120, RSMo 1978, for which he was sentenced to consecutive four-year terms of imprisonment. The circuit court, henceforth referred to as "the motion court," denied relief without an evidentiary hearing. Movant appeals.

Movant commenced the 27.26 proceeding by filing a pro se motion. With the aid of counsel, an amended motion and a second amended motion were filed. We set forth hereunder, verbatim, the grounds for relief alleged, collectively, in the three motions:

"Movant is not attempting to escape realm of punishment prescribed by law, but merely seeking refielf [sic] to that of a more reasonable realm of the law to wit; (4) years in the Department of Corrections; not (8) years as meted by the court.

Punishment is exceesive [sic] for crimes committed

Movant was not properly advised or represented by council [sic] in proceeding which led to impos.tion [sic] of sentence.

The punishment is excessive for a first time felony.

At the sentencing I did not understand until after the sentencing was over and done what consecutive sentence menat [sic].

Ineffective assistance of counsel, in that both [of movant's lawyers]:

1. Failed to investigate the charges against the defendant, and

2. Failed to request a psychiatric examination of [movant] prior to the plea to determine the existence of a mental disease or defect, and

3. Failed to present one word of argument or comment in defendant's behalf at the sentencing or probation revocation hearings, and

4. Failed to point out to the court the excessive and completely disproportionate effect the eight year sentence would have, should its 'incentive value fail to prevent future alcohol abuse.

The total value of both checks is one hundred fifty dollars. All of defendant's prior offenses are alcohol-related. None were violent.

---

1. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentences were pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 24.035(*l*), Missouri Rules of Criminal Procedure (19th ed. 1988).

The imposition of this very heavy, indeed almost maximum, penalty in this case should have brought *some* word of protest in the defendant's behalf. None was forthcoming.

Failure of due process as guaranteed by the fourteenth amendment to the United States Constitution and article I, section 10 of the Missouri Constitution, in that the court subjected this defendant to a sentence entirely disproportionate, unexpected and excessive when compared with any sentence imposed by that court before or since that time."

Movant's conviction and sentences resulted from pleas of guilty to both offenses. The court that accepted the pleas, henceforth referred to as "the plea court," ordered a presentence investigation. Several weeks later, after receipt of the presentence investigation report, the plea court postponed sentencing and ordered movant to enter a treatment program for alcoholism at a Veterans' Administration facility. Six months thereafter, the plea court assessed the sentences, but suspended execution of them and placed movant on supervised probation. Six months later the plea court revoked movant's probation and ordered the sentences executed, movant having admitted violating probation by "driving while intoxicated." Three months thereafter, the plea court, per § 217.775.2, RSMo 1986, ordered movant released by the division of adult institutions and again placed movant on probation. Four months after ordering movant released, the plea court revoked movant's probation because movant had driven a motor vehicle with .207 of one per cent by weight of alcohol in his blood. This order resulted in movant's present incarceration.

The motion court, in compliance with Rule 27.26(i), made findings of fact and conclusions of law. Regarding movant's complaints that his attorneys failed to investigate the charges and failed to argue on his behalf at the sentencing and revocation hearings, the motion court found that there were no factual allegations as to how further investigation or argument would have aided movant. As to counsels' alleged failure to request a psychiatric examination, the motion court found that there was no allegation as to how a mental examination would have aided movant. Concerning movant's complaint that the sentences were excessive, the motion court noted that movant did not aver the sentences exceeded the statutory range of punishment for his crimes.

In his appeal, movant presents one assignment of error. It states:

"The [motion] court erred in failing to enter specific findings of fact and conclusions of law concerning any of the issues presented by [movant's] Rule 27.26 motion, but in particular claims relating to the excessiveness of sentence and potential due process violation by such excessive sentence and ineffective assistance of counsel in failing to argue to the [plea] court the excessiveness of the sentence if [movant's] alcoholism could not be curbed, because Rule 27.26(i) requires such findings and conclusions in that they are necessary for this court to engage in meaningful review...."

■ A motion to vacate under Rule 27.26 is insufficient which states mere conclusions; in order to state a claim, the facts alleged must be sufficient to establish grounds for the relief contemplated by the rule. *State v. Ninemires*, 306 S.W.2d 527, 530[8] (Mo.1957).

■ In *Boggs v. State*, 742 S.W.2d 591 (Mo.App.1987), this Court thoroughly discussed that requirement and applied it to sundry conclusional allegations in a motion to vacate a sentence of life imprisonment. We need not repeat here what was said in *Boggs*, pp. 594–99. Measured by *Boggs* and the numerous authorities summarized there, we hold that none of movant's motions in the instant case contained any allegations of fact which, if true, would have authorized relief on the ground of ineffective assistance of counsel. Specifically, movant's motions did not allege how movant was "not properly advised or represented" by counsel, the motions did not aver what further investigation by movant's attorneys would have disclosed, the motions did not state what a psychiatric examina-

tion would have revealed or how it would have aided movant, and the motions did not allege what arguments movant's attorneys should have made regarding the sentences or how such arguments would have affected the result.

The requirement of Rule 27.26(i) that a circuit court make findings of fact and conclusions of law on all issues presented is satisfied if such findings are sufficient to enable an appellate court to review the prisoner's contention. *Huffman v. State,* 703 S.W.2d 566, 568[1] (Mo. App.1986); *Seltzer v. State,* 694 S.W.2d 778, 779 (Mo.App.1985). The motion court's finding in the instant case that movant's motions contained insufficient factual allegations to warrant relief is clear, is sufficient to permit appellate review, and is indubitably correct. As none of the allegations regarding ineffective assistance of counsel were sufficient to raise any factual issue, there were no findings of fact for the motion court to make. *Frazier v. State,* 738 S.W.2d 131, 137[9] (Mo.App.1987).

As to movant's allegation that he did not understand what a consecutive sentence meant until after his sentencing, we note that the plea court, before accepting movant's pleas of guilty, carefully—and correctly—explained to movant that each count was punishable by up to 5 years' imprisonment, so that if movant were convicted of both counts he could receive a 5-year prison sentence on each, and if such sentences were ordered to run consecutively movant "could serve 10 years." Asked by the plea court whether he understood "the punishment range as it applies to both of these charges," movant replied, "Yes, sir." This record conclusively refutes movant's averment that he did not understand what a consecutive sentence meant until after he was sentenced. Consequently, the motion court properly denied relief without an evidentiary hearing on that allegation. *Hartrum v. State,* 575 S.W.2d 2, 2–3[1] (Mo.App.1978).

As to movant's allegations that the sentences were excessive or "disproportionate," thereby resulting in a denial of "due process," we observe that nowhere in movant's motions did he allege any facts that would establish disproportionality or a due process violation. As the sentences were within the statutory limit, movant's allegations pled nothing entitling him to relief. *Hill v. State,* 543 S.W.2d 809 (Mo.App. 1976); *State v. McRae,* 528 S.W.2d 794 (Mo.App.1975).

Judgment affirmed.

GREENE, P.J., and HOLSTEIN, J., concur.