Jimmie QUINN, a/k/a Jimmy Quinn, a/k/a "Chick" Quinn, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16738.

Missouri Court of Appeals, Southern District, Division One.

Aug. 16, 1990.

Robert L. Fleming, Columbia, for movant, appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant, following nonjury trial, was found guilty of the class C felony of assault in the second degree. § 565.060.1(3), RSMo Supp.1984. He was sentenced as a persistent offender to ten years' imprisonment. That conviction was affirmed on appeal. *State v. Quinn*, 717 S.W.2d 262 (Mo.App.1986).

Thereafter, movant filed a motion under Rule 27.26 seeking to vacate that conviction. The trial court made findings of fact, conclusions of law and denied the motion without an evidentiary hearing. Movant appeals. As he was convicted and sentenced and his motion was pending prior to January 1, 1988, this proceeding continues to be governed by Rule 27.26. Rule 29.-15(m).

Movant has one point. In it he contends that the trial court erred "because appellant's motion pleaded facts not reflected by the record in that appellant alleged ineffectiveness of counsel due to counsel's failure to preserve error for appellate review concerning the trial court's process in determining appellant to be a persistent offender and because valid findings of such status were not incorporated into the record."

■ "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum*

*v. State*, 693 S.W.2d 903, 904 (Mo.App. 1985).

■ To be entitled to an evidentiary hearing on the issue of ineffective assistance of counsel, a person seeking postconviction relief must plead facts, not conclusions, which if they were true would warrant relief, and those facts must not be refuted by the record and have resulted in prejudice. *Boggs v. State*, 742 S.W.2d 591, 594 (Mo.App.1987).

■ In his motion movant contends that his trial counsel was ineffective "because he did not properly preserve error for appellate review concerning the State's allegation that movant was a persistent offender." As facts to support this ground he states that "movant's counsel did not preserve for appellate review the court's process in determining movant to be a persistent offender because valid material was not a part of the record."

On his appeal from the criminal conviction movant contended that the trial court erred in finding him a persistent offender because there was insufficient evidence to prove that he had been convicted of two prior felonies. That contention was denied. See *State v. Quinn*, supra 717 S.W.2d at 265–266. Apparently movant is contending that no copies of the case files of charges allegedly against him or judgments of conviction were entered in evidence. Instead the trial court took judicial notice of two convictions shown in the court records.

There was no allegation in the motion that had counsel taken any different action that movant would have been successful in refuting the claim that he was a persistent offender. Movant did not allege any facts showing that he was prejudiced by counsel's action in any way, or that a different result might have been reached. Therefore, his motion stated no basis for an evidentiary hearing on this contention.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.